AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Ross GREENHILL<br><br>Defendant(s) | Case No.<br>6:24-mj-1528 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 10, 2024__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Attempting to Entice a Minor |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Ryan Eggland, Special Agent
Printed name and title

Sworn to before me and signed ~~in my presence.~~ by video conference
See Fed. R. Crim. P. 4.1

Date: 5/16/24

_____
Judge's signature

City and state: Orlando, FL

Leslie Hoffman Price, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROSS GREENHILL | Case No. 6:24-mj-1528<br><br>FILED UNDER SEAL |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ryan Eggland, being duly sworn, do hereby state the following:

1. This affidavit is submitted in support of a criminal complaint against Ross GREENHILL for a violation of 18 U.S.C. § 2422(b)—Coercion and Enticement. As set forth in more detail below, there is probable cause to believe that on or about May 10, 2024, GREENHILL knowingly attempted to persuade or induce a minor to engage in an illegal sexual activity for which he could have been charged with lewd or lascivious battery (engage in sexual activity with a person 12 years of age or older but less than 16 years of age), in violation of Fla. Stat. § 800.04(4)(a)(1), by means of interstate commerce.

2. I am a Special Agent (SA) employed with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since October 2009. I am currently assigned to the Orlando, Florida, office of HSI, and my duties include the enforcement of federal criminal statutes, including but not limited to Titles 8, 18, 19, 21, and 31 of the United States Code. I am a law

enforcement officer of the United States within the meaning of 19 U.S.C. § 1401(i) and am empowered to investigate and make arrests for violations of United States criminal laws within the meaning of 18 U.S.C. § 2510(7). Before becoming employed with HSI, I was employed as a SA with the Internal Revenue Service, Criminal Investigation Division (IRS-CID), for approximately eight years. As SA with IRS-CID, I was responsible for the enforcement of federal criminal statutes including, but not limited to, Titles 18, 26, and 31 of the United States Code. I was the case agent on numerous financial investigations involving domestic and international financial transactions and nontraditional payment systems. Before becoming a SA in 2001, I worked for Merrill Lynch for approximately three years conducting financial analysis of businesses and individuals.

3. My formal education includes a Bachelor's degree in Business Administration and a Master's degree in Business Administration from the University of North Florida. Through numerous advanced law enforcement training programs, I have received specialized training in the investigations of sex crimes, child exploitation, child pornography, and computer crimes. I have participated in training courses for the investigation and enforcement of child pornography laws in which computers, smartphones, or other electronic devices are used as the means for receiving, transmitting, and storing child pornography. I have been involved in investigations involving child pornography and online solicitation/enticement of a minor. I have participated in investigations of persons suspected of violating federal child pornography laws, including violations of 18 U.S.C. §§ 2251, 2252 and 2252A.

Additionally, I have authored and participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information.

4. I have personal knowledge of all the facts stated in this affidavit and/or have learned of these facts from other law enforcement officers and by reviewing documents and electronically stored information. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

## PROBABLE CAUSE STATEMENT

5. On May 09, 2024, an HSI agent acting in an online undercover (UCA) role posted an ad on the website Doublelist (www.doublist.com), which is commonly used to make romantic or sexual connections. The title of the ad was "Looking 4 some fun" and the body stated "In town for a few days and looking to have some fun. Must be openminded and ok with kinky. Email this is you" "Details: 18 years old, in (millenia)".

6. On May 9, 2024, at approximately 7:00 PM, the UCA received an email in response to the Doublelist post from subaru***@hotmail.com (**Target Email**), later identified as GREENHILL, stating, "Hey I'm down." "Lets do this." The UCA responded and asked how taboo GREENHILL was interested in getting. GREENHILL suggested utilizing a chat application named "Session"; he resisted texting the UCA because "It's much safer to use session." GREENHILL explained to

3

the UCA how to connect with him once the UCA downloaded the Session application. Session is an end-to-end encrypted instant messaging application emphasizing user confidentiality and anonymity. Session utilizes the onion router which is the same technology used by the dark web/TOR.

7. The UCA downloaded Session, which created a unique Session ID. The UCA then emailed GREENHILL this Session ID.

8. On May 10, 2024, at approximately 1:04 PM, the UCA received a message on Session from "Zak" (GREENHILL). This was the first time the UCA had used Session, and GREENHILL is the only individual that the UCA has shared their Session ID with, which is similar to a username. No other individual would have been able to contact the UCA on Session. Indeed, GREENHILL clarified during the conversation that "I'm Ross" "Just use Zak as the username".

9. GREENHILL asked what the UCA had in mind, to which the UCA replied "I have a younger student that could use some instruction". GREENHILL replied "Oh really? Sounds awesome" and asked how old. The UCA stated 13 years old, to which GREENHILL replied "Fucking hot" "How would we do this". GREENHILL assured the UCA that the app (Session) was safe and asked for a picture of the child. The UCA sent a photo of a female decoy who appears to be approximately 13 years old. GREENHILL stated he was 35 years old, his name is Ross, and that he uses Zak as a username.

4

10. GREENHILL asked the UCA if he had ever done anything with her (the decoy). The UCA confirmed and asked GREENHILL what he would want to do with her. GREENHILL replied "Fuck her".

11. The UCA indicated that the decoy could not get hurt or pregnant and GREENHILL replied "Of course" and asked how the UCA saw the decoy without her parents. GREENHILL also agreed to "pull out and be gentle with her". GREENHILL stated he was in Melbourne and asked if the decoy's mom was around.

12. GREENHILL then stated "For my safety I'd want to see you both on ca[m] first before we meet. The UCA pushed back and told GREENHILL he sounded like a cop to which GREENHILL replied "A cop would never use this app lol" "Nothing can be traced". After some back and forth, GREENHILL stated "Like I said, I'm down to meet but need to verify on cam first. I've tried this before and when I go to meet, no one shows up".

13. After some additional conversation the UCA told GREENHILL that if he was not interested then to just say so and not waste their time, and GREENHILL replied "I am very interested". The UCA told GREENHILL that the child's mother would be gone from 7 until around midnight. GREENHILL stated "Seems pretty risky. Me being there. What is she comes home? Your daughter played before?"

14. GREENHILL asked for a history of what the UCA had done with the child and how they got started. GREENHILL then asked for a quick video of the child, and he stated that he would then get into his car and meet at a hotel. The UCA pushed back about not feeling comfortable with sending videos of the child and GREENHILL

5

replied, "But you feel comfortable with meeting me at a hotel with her? It can be any video, nothing dirty" "Just one video and I'm in my way".

15. When asked why he wanted a video, GREENHILL stated "I am also nervous about meeting It'll make me feel more comfortable". The UCA uploaded a video of another decoy with a similar appearance to the previous sent photo, stating "Hi Ross, I hope you will come see me". GREENHILL asked, "She's really 13?" "What hotel". The UCA provided a general area for GREENHILL to meet; GREENHILL responded that the location was 1.5 hours away and asked to meet the following morning. When told that was not possible, GREENHILL replied "Fuck...." The UCA gave GREENHILL another out and told him that if he (GREENHILL) did not want to come to tell him (UCA) so that the UCA does not waste his time. GREENHILL replied "I really do wanna meet...."

16. GREENHILL then asked for a video of the child stating "she wants my hard thick cock inside of her". After the UCA sent a video of a decoy of similar appearance stating "Ross, I want your hard thick cock inside me," GREENHILL responded "I have to get some gas. I'll let you know when I'm on my way". Before the UCA saw GREENHILL's last message he asked if GREENHILL was coming or if he should find someone else. GREENHILL replied "I'm coming". Later GREENHILL asked "Is she really 13? Its cool is she's older. I'm on my way". The UCA confirmed the decoy was 13 years old.

17. GREENHILL advised that he would be driving a blue Honda Civic, which matched information contained in the Florida Driver and Vehicle Information

6

Database (DAVID) for GREENHILL. GREENHILL also stated, "Please be there" "It's a long drive". When the UCA confirmed he would be there, GREENHILL asked the UCA to confirm that the child would be there as well.

18. GREENHILL sent a voice message through Session stating he was on his way and then sent another voice message (also through Session) asking if the UCA had done this before with the child. The UCA provided a specific meet-up location.

19. At approximately 8:30 PM on May 10, 2024, GREENHILL was observed by law enforcement pulling into the area. At approximately the same time, GREENHILL sent a Sessions message to the UCA, advising that he was at the location and offering to meet the UCA inside the store.

20. Law enforcement then encountered GREENHILL while he was walking to the store and arrested him. After this arrest, the UCA sent a message to GREENHILL when his phone was in law enforcement's possession. At the same time that the message went through, GREENHILL's phone vibrated.

## CONCLUSION

21. Based on the above, I submit that there is probable cause that on or about May 10, 2024, GREENHILL knowingly attempted to persuade or induce a minor to engage in an illegal sexual activity, for which he could have been charged with lewd or lascivious battery (engage in sexual activity with a person 12 years of age or older but less than 16 years of age), in violation of Fla. Stat. § 800.04(4)(a)(1), by means of interstate commerce.

Ryan Eggland, Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me
as true and accurate via videoconference consistent
with Fed. R. Crim. P. 4.1 and 4(d)
before me this 16th day of May, 2024.

LESLIE HOFFMAN PRICE
U.S. Magistrate Judge

8